

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 0 1 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DR. GEORGE M. ANGELOS, <br> Plaintiff | § § § | |
| v. | § | CIVIL ACTION NO. B-97-253 |
| PAULA GOMEZ, ET AL, <br> Defendants | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff sued employer, a non-profit health center, for violations of Title VII, ADEA, breach of contract, and state law claims after center reduced his salary.

## PARTIES

1. Plaintiff Dr. George Angelos (Plaintiff) is a dentist specializing in pediatric dentistry formerly employed by the Brownsville Community Health Center as the Dental Director.

2. Defendant Brownsville Community Health Center (Center) is a private, non-profit organization which provides medical services to indigent clients.

3. Defendant Paula Gomez (Gomez) is Executive Director of Center.

4. Defendant Fred Webre (Webre) is the Deputy Director of Center.

5. Defendant Letty Girard (Girard) is a dental assistant at Center.

6. Defendant Armentina Germeyer (Germeyer) is a Personnel Director of Center.

7. Defendant Diamantina Freeberg, Ed. D. (Freeberg) is a member of the board of directors of Center.

8. Defendant Margaret Howard (Howard) is a board member of Center.

9. Defendant Francis Gumbel, M.D. (Gumbel) is a board member of Center.

10. Defendant Gustavo Stern, M.D. (Stern) is a board member of Center.

11. Defendant Jesse Garcia (Garcia) is a board member of Center.

12. Defendant Anna Milan, R.N. (Milan) is a board member of Center.

13. Defendant Carmen Guerra (Guerra) is a board member of Center.

14. Defendant Eddie A. Gonzalez (E. Gonzalez) is a board member of Center.

15. Defendant Gloria Gonzalez (G. Gonzalez) is a board member of Center.

16. Defendant Patricia Mendoza (Mendoza) is a board member of Center.

17. Defendant Juan Antonio Vela (Vela) is a board member of Center

18. Defendant Ernesto de Leon (de Leon) is a board member of Center.

## BACKGROUND

On December 2, 1993, Plaintiff and Gomez negotiated the proposed terms of a contract for Plaintiff's employment with Center: Center would pay Plaintiff a total salary of $185,360 plus 40% of all collections for dental services he rendered. Plaintiff would serve as Dental Director of Center from May 9, 1994 to May 9, 1995, with ten options to renew the contract at the end of each year.

On January 26, 1994, the Board of Directors of Center (Board) authorized Gomez to contract with Plaintiff for his services on the agreed terms. Gomez and Plaintiff signed a written contract on May 9, 1994, and Plaintiff began work at Center.

Late in 1994, Plaintiff attempted to secure a mortgage to purchase a house. The mortgage company contacted Gomez to confirm Plaintiff's salary. Gomez informed the mortgage company of Plaintiff's salary under the contract.

Center receives 40% of its funding from the Bureau of Primary Health Care (Bureau), and the remaining 60% from income generated by providing local patient services. Bureau informed Center that the funds for Plaintiff's contract would be restricted until Center provided information to Bureau justifying Plaintiff's proposed salary. Gomez sent the requested information to Bureau, and explained why Plaintiff's salary was necessary (based on the average salary of pediatric dentists, the Federal recruitment and retention guidelines, scarcity of pediatric dentists, Plaintiffs experience, and potential competitive offers). Bureau did not remove the restriction on the funds for Plaintiff's salary.

Center eventually accepted the funding from Bureau with the restriction on Plaintiff's

2

salary still in place. The restriction remained in place when Center filed subsequent budget applications with Bureau for 1996 and 1997. Center did not use any of its non-grant income to pay Plaintiff's contract.

A party may appeal a Bureau decision to deny funds through the Bureau's appeal process. If a recipient does not use this process, they waive any objections to the Bureau's decision. Center did not use the Bureau's appeals process.

On March 9, 1995, Trevino, on behalf of Center, offered to pay Plaintiff's a salary of $189,067 plus a maximum share of collections of up to $79,933. Plaintiff rejected the offer. On July 1, 1995, Center paid Plaintiff $110,000 as his annual salary. Plaintiff again objected to the reduction in salary, but continued to work for Center.

On August 21, 1996, the Department of Health and Human Services reminded Center of a prior, undated communication which stated that Plaintiff should be paid a maximum salary of $110,000 plus an additional payment for years of experience and additional duties, and that his total salary should not exceed $127,000.

Attempts to settle the dispute were unsuccessful.

On December 4, 1996 Plaintiff filed charges of racial discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued Plaintiff a right to sue letter on May 21, 1997.

On an unspecified date, Gomez allegedly asked Girard and other Center members to obtain or fabricate reports of abuse by Plaintiff against Center staff and patients. Gomez and Webber purportedly requested that Girard provide an affidavit listing Plaintiff's abuses. Girard provided the affidavit.

On June 4, 1997 Webber, Germeyer, and Girard met with three other center employees; allegedly to enlist their aid in obtaining complaints against Plaintiff. Two of the employees filled out complaints, but later retracted them.

On June 16, 1997 Gomez recommended to an unnamed party that Plaintiff should be fired because of the allegations contained in Girard's affidavit.

Plaintiff requested and was given a hearing on the termination recommendation before a peer review committee. Plaintiff was not permitted to have his attorney present at the hearing.

3

The first peer review committee convened, investigated, and recommended that Plaintiff continue his employment. A second peer review committee was subsequently convened, allegedly at the instigation of Gomez. Lilie Cortez (Cortez) was a member of the second committee. The second committee voted 3 to 2 to terminate Plaintiff, with Cortez voting for termination.

It is unclear whether the vote actually terminated Plaintiff or merely recommended that he be terminated. In either case, Plaintiff did not renew his contract the following year.

Plaintiff sued Center, Center's officers, and Center's board of directors in their individual and representative capacities. Plaintiff's claims may be summarized as follows:

1. Racial discrimination and retaliation in violation of Title VII. Plaintiff asserts a Title VII discrimination claim for each year Clinic applied for budget renewal without obtaining funds to pay his contract;

2. Violation of the Age Discrimination in Employment Act (ADEA);

3. Breach of contract; specifically, for failing to pay him the agreed salary and failing to follow agreed termination procedures. Plaintiff asserts a breach of contract claim for each year Clinic applied for budget renewal without obtaining funds to pay his contract;

4. Estoppel;

5. Failing to pay the full amount of the reduced salary for six months;

6. Defamation, libel, and slander;

7. A request for a declaratory judgment;

8. Civil conspiracy; and

9. Failure to pay Plaintiff's self-employment taxes;

Before this court are the following motions:

1. Defendants' Motion to Dismiss;

2. Plaintiff's Motion for Partial Summary Judgment

3. Defendants' Cross-Motion for Partial Summary Judgment; and

4. Plaintiff's Motion to Compel.

4

## I. DEFENDANTS' MOTION TO DISMISS

### A. Standard of Review

Ruling on a motion to dismiss for failure to state a claim requires the court to accept the allegations as true and view them in the light most favorable to the non-mover, drawing all reasonable inferences in that party's favor. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The motion is denied unless it appears to a certainty that the plaintiff can prove no set of facts that would entitle them to relief. *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992).

The court may not look beyond the pleadings in ruling on the 12(b)(6) motion. *Baker,* 75 F.3d at 196. A plaintiff's complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Colle v. Brazos County,* 981 F.2d 237, 243 (5th Cir.1993). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Jefferson v. Lead Industries Association, Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997). Dismissal is proper only if there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Garrett v. Commonwealth Mortgage Corp.,* 938 F.2d 591, 594 (5th Cir.1991). The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Lowry v. Texas A & M Univ. Sys.,* 117 F.3d 242 (5th Cir.1997).

### B. Analysis

#### 1. Title VII

Plaintiff asserts that Defendants discriminated and retaliated against him in violation of Title VII. 42 U.S.C. 2000e-2 et seq. *Pl.['s] First Am. Original Compl.* at 17.

##### a. Disparate Treatment / Disparate Impact

Plaintiff asserts that Defendants discriminated against him on the basis of his race in violation of Title VII. Plaintiff does not specify whether he is alleging a disparate treatment or a disparate impact theory of recovery.

A prima facie case of disparate treatment is established where the plaintiff has proved that they (1) are a member of a protected class; (2) were qualified for their position; (3) were subjected to an adverse employment action; and (4) were replaced by someone outside the

protected class. *Ward v. Bechtel* Corp., 102 F.3d 199, 202 (5th Cir.1997).

To successfully present a disparate impact claim, a plaintiff must point to a particular employment practice that has created the disparate impact. *Anderson v. Douglas & Lomason Co.*, 26 F.3d 1277, 1302 (5th Cir. 1994).

Here, Plaintiff alleges that he was qualified for his position, and that Center reduced his salary, but did not reduce the salaries of similarly situated minority physicians. *Pl.['s] First Am. Original Compl.* at 15, 17. However, Plaintiff has not alleged that he was a member of a protected class, or that he was replaced by someone outside the protected class. Neither has Plaintiff identified a practice at Center which resulted in a disparate impact. As such, Plaintiff has failed to plead sufficient facts to state a claim under either a disparate treatment or disparate impact theory. Thus, Defendants' Motion to Dismiss Plaintiff's Title VII discrimination claim should be GRANTED.

Plaintiff requests leave to amend his complaint to include a Title VI cause of action in the event that the court dismisses his Title VII discrimination claim. *Pl.['s] Resp. to Defs.['] Mot. to Dismiss* at 7. Plaintiff should be GRANTED such leave and given 20 days make such amendment.

b.  Retaliation

Plaintiff also asserts that Defendants retaliated against him in violation of Title VII by attempting to have him fired for filing a complaint with the EEOC and a bringing a lawsuit based on that complaint. *Pl.['s] First Am. Original Compl.* at 30.

A plaintiff establishes a prima facie case of retaliation by showing: (1) that they engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 41 (5th Cir.1992).

Filing a complaint with the EEOC is an activity protected by Title VII. *Equal Employment Opportunity Commission v. J.M. Hubert*, 927 F.2d 1322, 1329 n.25 (5th Cir. 1991).

Here, Plaintiff has alleged that he filed a complaint with the EEOC, that Center employees attempted to fire him, and that Center attempted to fire him because of the complaint. *Pl.['s] First Am. Original Compl.* at 30. Thus, the elements listed in *Shirley* are satisfied, and Plaintiff has stated a claim for relief. *Shirley*, 970 F.2d at 41. Therefore, Defendants' Motion to Dismiss

Plaintiff's Title VII retaliation claim should be DENIED.

### 2. ADEA

Plaintiff asserts that Defendants terminated him because of his age in violation of the Age Discrimination in Employment Act (ADEA). *Pl.['s] First Am. Original Compl.* at 17. The first three elements of a prima facie case of age discrimination under the ADEA and disparate treatment under Title VII are essentially the same. *Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir.1995). Thus, a plaintiff must prove that they (1) are a member of a protected class; (2) were qualified for their position; and (3) were subjected to an adverse employment action; *Ward v. Bechtel* Corp., 102 F.3d 199, 202 (5th Cir.1997). To establish the fourth element, a plaintiff must show that they were either: i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of their age. *Meinecke,* 66 F.3d at 83.

An individual is a member of the protected class if they are at least forty years of age, but less than seventy years of age. 29 U.S.C. §631(a).

Here, Plaintiff asserts that he was over 40 years old when he was harmed, that he was qualified for his position, that Center attempted to fire him, and that he was subjected to this treatment because of his age. *Pl.['s] First Am. Original Compl.* at 5-6, 17. As such, Plaintiff has stated a claim for relief, and Defendants' Motion to Dismiss Plaintiffs ADEA claim should be DENIED.

### 3. Breach of Contract

Plaintiff asserts that Defendants breached his contract by failing to pay him the salary specified, and by failing to follow the proper termination procedures included in the contract. *Pl.['s] First Am. Original Compl.* at 19-20. As such, plaintiff has stated a claim for relief, and Defendant's Motion to Dismiss Plaintiff's breach of contract claim should be DENIED.

### 4. Estoppel

Plaintiff asserts that Defendants are estopped from reducing his salary due to Plaintiff's detrimental reliance on Gomez' representation to Plaintiff's mortgage company that Plaintiff would be paid the original contract amount. *Pl.['s] First Am. Original Compl.* at 21. It is assumed that Plaintiff is asserting a claim for promissory estoppel.

7

Under Texas law, a contract comprising the disputed promise precludes recovery under promissory estoppel. *Jhaver v. Zapata Off-Shore Co.*, 903 F.2d 381, 385 n. 11 (5th Cir.1990).

Here, Plaintiff bases his claim for promissory estoppel on the promise by Center to pay Plaintiff the original amount specified in the contract. Because this promise is governed by the contract, *Jhaver* prohibits using the promise as the basis of a promissory estoppel claim. *Jhaver*, 903 F.2d at 385 n. 11. As such, Plaintiff has failed to state a claim for relief, and Defendants' Motion to Dismiss Plaintiff's promissory estoppel cause of action should be GRANTED.

### 5. Withheld Salary

Plaintiffs asserts that $8,500 of his salary was improperly withheld due to a six month delay by Defendants in paying him the maximum salary allowable under the Bureau restrictions. *Pl.['s] First Am. Original Compl.* at 22.

Dismissal is proper where there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir.1991).

Here, Plaintiff does not specify a cognizable legal theory which would form the basis of this claim; he merely asserts that Defendants are liable for the difference in salary. Thus, under *Garrett*, dismissal of this claim is appropriate, and Defendant's Motion to Dismiss Plaintiff's cause of action for withholding his salary should be GRANTED. *Garrett*, 938 F.2d at 594.

### 6. Defamation Claims

Plaintiff asserts that Defendants are liable for defamation, libel, and slander. *Pl.['s] First Am. Original Compl.* at 25, 31. Specifically, Plaintiff alleges that Girard provided an affidavit which contained false statements, and that Girard prepared letters containing false statements about Plaintiff for other employees to sign.

Libel is a written or printed defamation which tends to injure the reputation of a living person and thus expose him to public hatred, contempt, ridicule, or financial injury, or impeach his honesty, integrity, virtue or reputation. *Halbert v. City of Sherman, Texas,* 33 F.3d 526, 530 (5th Cir. 1994), citing *Sellards v. Express-News Corp.,* 702 S.W.2d 677, 679 (Tex.App -- San Antonio, 1985 *writ ref'd n.r.e.*). Slander is a defamatory statement orally communicated or published to a third person without legal excuse. *Halbert,* 33 F.3d at 530 citing *Kelly v. Diocese*

8

*of Corpus Christi*, 832 S.W.2d 88, 91 (Tex.App.-- Corpus Christi 1992, *writ dism'd w.o.j.*).

Here, Plaintiff alleges that Girard's affidavit states that Plaintiff breached the doctor-patient privilege by obtaining confidential information and disseminating it, and that Plaintiff was "taking the names of the private pay and Medicaid patients to his private office but will be leaving the underprivileged patients behind...he is trying to destroy the clinic." *Pl.['s] First Am. Original Compl.* at 25.

Plaintiff asserts that his this statement has caused him humiliation, that it was communicated to a third party, and that the sole reason for the statement was for harmful purposes. *Pl.['s] First Original Am. Compl.* at 25.

As such, the requisites specified in *Halbert* are satisfied, and Plaintiff has stated a claim for relief against Girard. Thus, Defendants' Motion to Dismiss Plaintiffs defamation claims, including the libel and slander causes of action, should be DENIED as to Defendant Girard. *Halbert*, 33 F.3d at 530.

As Plaintiff has not alleged this cause of action against any other Defendant, Defendant's Motion to Dismiss Plaintiff's defamation claims, including the libel and slander causes of action, should be GRANTED as to all remaining Defendants.

### 7. Declaratory Judgment

Plaintiff requests that the court issue a declaratory judgment requiring that the peer review committee be properly empaneled and that he be given appropriate due process during the proceedings. *Pl.['s] First Am. Original Compl.* at 28.

A federal district court possesses broad discretion to entertain, stay, or dismiss actions for declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). When faced with a motion to dismiss a request for a declaratory judgment, the court must consider six nonexclusive factors: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.*, 996 F.2d 774, 778 (5th Cir.1993).

Here, some of the factors favor retention of this cause of action: There is no indication that Plaintiff filed suit in anticipation of a lawsuit filed by Defendants, or that Plaintiff engaged in forum shopping in bringing this suit. Plaintiff will not gain an advantage over Defendant in either timing or forum, as both suits have proceeded for the last two years. Federal court is a convenient forum for the parties and witnesses, as all parties live in the Brownsville / Harlingen area.

However, the remaining factors favor dismissal: Plaintiff has filed an action in state court, and the question of the appropriate makeup of the peer review committee will likely be raised and resolved in that action. Moreover, judicial economy would not be served by retaining the lawsuit in federal court for the same reason.

Thus, the *Travellers* factors do not yet warrant dismissal of Plaintiff's declaratory judgment, nor would proceeding with the action at this time be the in the interest of judicial economy. *Travelers Ins. Co.*, 996 F.2d at 778. Therefore, Defendants' Motion to Dismiss Plaintiff's declaratory judgment cause of action should be DENIED, and the action STAYED pending the result of the state court proceeding.

### 8. Civil Conspiracy

Plaintiff asserts that Gomez, Girard, Webre, and Germeyer engaged in a civil conspiracy when they sought to acquire or fabricate complaints against Plaintiff in order to terminate his employment. *Pl.['s] First Am. Original Compl.* at 29.

The essential elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Fisher v. Yates*, 953 S.W.2d 370, 376 (Tex.App.--Texarkana 1997, *no writ*).

Plaintiff alleges that Gomez, Girard, Webber, and Germeyer acted with a common purpose to undertake unlawful acts in order to wrongfully terminate Plaintiff. *Pl.['s] First Am. Original Compl.* at 29. This satisfies the elements for civil conspiracy specified in *Fisher*, and Plaintiff has stated a claim for relief. *Fisher*, 953 S.W.2d at 376.

As such, Defendants' Motion to Dismiss Plaintiff's civil conspiracy claim against Gomez, Girard, Webre, and Germeyer should be DENIED.

10

Plaintiff has not alleged that any other Defendants participated in this conspiracy. As such, Plaintiff has failed to state a claim for relief, Defendant's Motion to Dismiss Plaintiff's civil conspiracy claim against all remaining Defendants should be GRANTED.

### 9. Employment Tax

Plaintiff asserts that Defendants failed to pay his employment tax. *Pl.['s] First Am. Original Compl.* at 33.

Dismissal is proper where there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir.1991). Here, plaintiff fails to identify a cognizable legal theory and merely asserts that he has a cause of action against the Defendants. *Pl.['s] First Am. Original Compl.* at 31-33. As such, under *Garrett*, dismissal of this claim is appropriate. *Garrett*, 938 F.2d at 594. Thus, Defendant's Motion to Dismiss Plaintiff's cause of action for failure to pay his employment tax should be GRANTED.

## II. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT / DEFENDANTS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff asserts that the vote of the second peer review committee is void and that he was denied his right to counsel at the second peer review committee meeting. Both Plaintiff and Defendants have moved for summary judgment on these issues.

### A. Standard - Summary Judgment

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir.1997).

The burden for Summary Judgment is initially on the moving party. *Lindsey v. Sears Roebuck and Company*, 16 F.3d 616, 618 (5th Cir. 1994). Once the movant has met this burden, it then shifts to the non-movant to show that summary judgment is inappropriate. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir.1992). Summary judgment evidence is viewed in the light

11

most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir.1993).

The non-movant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

### B.  Analysis

#### 1.  Breach of Contract

To determine a state law question, federal courts must look to decisions of the highest state court. *Transcontinental Gas v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir.1992). If the contract can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker*, 650 S.W.2d 394. A contractual provision is ambiguous if its meaning is uncertain and doubtful and it is reasonably susceptible to more than one interpretation. *Coker*, 650 S.W.2d at 393; Absent a finding of ambiguity, a court must interpret the meaning and intent of a contract from the four corners of the document without the aid of extrinsic evidence. *Chapman v. Hootman*, 999 S.W.2d 118, 123 (Tex. App. Houston [14th Dist.] 1999, *no writ)*. Language used by parties in a contract should be accorded its plain, grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated. *Hallmark v. Port/Cooper-T Smith Stevedoring Company*, 907 S.W.2d 586, 591 (Tex. App – Corpus Christi, 1995 *no writ)* citing *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985).

##### A.  Cortez

Plaintiff asserts that Defendants breached his employment contract by improperly including Cortez on the peer review committee. *Pl.['s] Mot. for Partial Summ. J.* at 4. Plaintiff argues that had the second peer review committee been properly construed, (i.e. without Cortez as a member) the vote would have been 2-2, and the committee would not have had a majority vote to terminate Plaintiff. *Pl.['s] Mot. for Parital Summ. J.* at 4, *See Pl.['s] First Am. Original Compl.* at 27.

12

Here, the contract is not ambiguous. The contract states that the Peer Review Committee will be composed of "...the regular members during the day that the recommendation was effective." *Defs.['] Resp. in Opp'n to Pl['s] Mot. for Partial Summary J., Cross-Mot. For Summary J. and Br. In Supp.*, Exhibit A, p. 15.

Furthermore, Defendants' affidavit proof establishes that Cortez had served on the Peer Review Committee for three years and was a member during the day the recommendation was effective. *Defs.['] Resp. in Opp'n to Pl['s] Mot. for Partial Summary J.*, Exhibit B, p. 2-3. Plaintiff has failed to sufficiently contested this proof.[1] As such, Cortez was a "regular member" of the peer review committee, and was appropriately included as a member.

B.   Denial of Counsel

Plaintiff asserts that Defendants breached his employment contract when they violated 42 U.S.C. §11112(b)(3)(C)(i) by refusing to allow him to have his attorney present during the peer review inquiry. *Pl.['s] Mot. for Partial Summ. J.* at 3, *Pl.['s] Reply to Defs.['] Resp. to Pl.['s] Mot. for Partial Summ. J.* at 2.

Careful examination of the terms of the contract reveal no promise by Defendants to enforce the provisions of §11112. Thus, even if Defendant's actions violated §11112, such actions would not amount to a breach of contract.

As Plaintiff cannot demonstrate a breach of contract on either of these issues, there is no genuine issue of material fact. Therefore, Plaintiff's Motion for Partial Summary Judgment should be DENIED, and Defendants' Cross-Motion for Partial Summary Judgment should be GRANTED.

---

[1] Plaintiff argues that the bylaws of the Continuous Quality Improvement (CQI) program determine who may be a member of the peer review committee. Under *Chapman*, the court may not consider extrinsic evidence to interpret an unambiguous contract. *Chapman*, 999 S.W.2d at 123. Moreover, in order for a document to be considered part of a signed contract, it must be signed or referenced to in the signed contract. *Milam Development Corporation v. 7.7.0.1 Wurzbach Tower Counsel of Co-Owners*, 789 S.W.2d 942, 945 (Tex. App -- San Antonio, 1990, *writ denied*). As the contract makes no reference to the CQI bylaws, they are not included as part of the contract.

13

### III. DEFENDANTS' MOTION TO COMPEL

Plaintiff asserts that Defendants have failed to answer to specific interrogatories with information Plaintiff is entitled to. Plaintiff requests an evidentiary hearing on this issue and such hearing should be GRANTED. Date and time will be scheduled by the court.

### RECOMMENDATION

For the reasons set forth above, this court respectfully recommends the following:

1. Defendants' Motion to Dismiss (Docket No. 23) should be

    GRANTED as to the Title VII discrimination claim;

    DENIED as to the Title VII retaliation claim;

    DENIED as to the ADEA claims;

    DENIED as to the breach of contract claims;

    GRANTED as to the estoppel claim;

    GRANTED as to withheld salary claim;

    DENIED as to the defamation claims, including libel and slander against Girard, and GRANTED as to the defamation claims as to all remaining defendants.

    DENIED as to the request for declaratory judgment, and the action STAYED pending the outcome of the state cause of action;

    DENIED as to the civil conspiracy claim against Gomez, Girard, Webre, and Germeyer, and GRANTED as to the civil conspiracy claim against all remaining Defendants; and

    GRANTED as to the employment tax claim.

2. Plaintiff's request to amend his complaint to include a Title VI cause of action should be GRANTED and Plaintiff given 20 days to make such amendment.

3. Plaintiff's Motion for Partial Summary Judgment (Docket No. 20) should be DENIED.

4. Defendants' Cross-Motion for Partial Summary Judgment (Docket No. 28) should be GRANTED.

5. Plaintiffs Motion to Compel (Docket No. 57) should be set for and evidentiary hearing,

14

date and time to be scheduled by the court.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 29th day of November 1999.

Felix Recio
United States Magistrate Judge